Overton, J
 

 delivered the following opinion of the court.
 

 Dillon claimed under a grant from the state of North Carolina, and by several mesne conveyances deraiging the title to himself. There was a deed from Stokely to William Tyrrell in these words, " State of North Car
 
 o
 
 lina. Wake county, know all men by these presents that Stokely Donelson bath for full value received of William Tyrrell, sold, released, quit claim, and forever discharged to him the said William Tyrrell, his heirs and assigns forever, all those several tracts of land now lying in Charles Crough ton’s hands in Fredericksburgh of Virginia, I do acknowledge all bargains, deeds, contracts, sales, and all
 
 other of him
 
 the said Tyrrell’s transactions relative to the several tracts of land, reference being had to the patents will more fully appear, being No. 301, containing 500 acres, No. 733 for 5000 acres and No. 336 for 10340 acres, making in all 20240 acres, hereby ratifying every clause, act or
 
 dead
 
 he may do. In witness,
 
 &c.
 

 The deed was proved by one witness in the year 1804 and registered in the spring of the year 1807.
 

 Upon the trial in the circuit court, Dillon’s counsel offered an affidavit of the loss or destruction of the original Deed, s
 
 o
 
 as to authorise the reading of a copy ; upon this being objected to, the court permitted a supplementary affidavit to be filed, which was excepted to. There was a verdict and judgment in the court below in favor of Dillon’s lessee, upon which Jackson has appealed to this court and assigned errors; out of which the following questions have grove: 1st Can a supplementary affidavit not merely explanatory be received ?
 

 2nd. Is the loss or destruction of the original deed sufficiently proved, to authorise a copy to be read ?
 

 3rd. Is the deed from Donelson to Tyrrell sufficiently proved and registered
 
 ?
 

 4th. Is that deed sufficient to pass an estate in fact ?
 

 
 *262
 
 On the part of the plaintiff in error in support of the first objection, it has been insisted that the affidavit of M’ Daniel Dillon’s agent, and Haywood his attorney, are not sufficiently certain, but admitting this were not the case, the supplementory or additional affidavit contains new facts, and if this were permitted a door would be opened for a flood of perjury. Manifestly the deed is not sufficiently accounted for, to authorise the reading a registered copy.
 

 But it is urged that the deed was not registered according to law, and therefore a copy ought to be read. Axis 1805 c. 16. s. 1. 1811. c. 39 s. 1. April 1809. c. 26 s. 2. 1807, c. 85.
 

 On the 4th ground it has been insisted that the deed cannot operate as a bargain and sale. There is no consideration expressed, nor is it expressed for whose use, the land shall be held ; and wants several other requisites to make it a good deed of bargain and sale. Nor can it be construed as a covenant to stand seized to uses, as the bargainor never was in possession either actual or constructive. 3 Cruises Dig.
 
 17
 
 8, s. 23, 23, 24. Same book 185 act 1715 c. 38 s. 5. Beside there is no description of the land in the deed, and therefore wholly insufficient on account of uncertainty as well as fraudulent
 
 ;
 
 Twines case.
 

 The court erred in charging the jury that the defendants title was well proved.
 

 After the fullest consideration of these objections the court cannot perceive there is any error, There are some things which must forever remain matter of discretion in the circuit courts, uncontrollable by this tribunal. The disposition of this supplementory affidavit is one of those questions. For this court to reverse on this ground, would be unavailable, and nugatory ; the case would he sent back for another trial, and then it would be open to a new affidavit, when the matter of both original and additional affidavits, might be combined. Supplementary or additional affidavits ought rarely to be admitted, on account or the danger of perjury, but this admission must from the nature, of things, remain a matter of sound discretion with the circuit court, If refused, however, a different question might be presented to this court ; it is their admission, which cannot be controlled unless, indeed, it be in a case where taking both original and supplementory affidavits together, no sufficient reason is given why the original is not produced,
 

 It is however well to remark, that this court upon principles
 
 *263
 
 of law will always give an easy ear, to the reception of affidavits respecting the loss or non-production of original papers, which are required to be registered, and have actually been registered agreeably to law. In some of the states, registered copies without accounting for the originals, are sufficient. Our practice, however has been different, and to this practice we shall conform, at the same time observing, that the court ought not to be strict in locking into these affidavits. Taking both of the affidavits together, they are fully sufficient to authorise the reading of a copy of she deed.
 

 The probate on the deed was made under the authority of the act of 1803 c. 57, but at the time of the registration, there was no law to authorise it ; nor did any act refer to registration of deeds previously made ; after this took place, until the act of 1811 c. 39, the words of which are, “ and where any such grants deeds or other instruments have been registered, though not within the time limited by law, the same shall be as valid as if registered according to the provisions of the before recited act” of April 1809 c. 26. This act clearly makes good the registration of the deed, and on this ground there is no appearance of error.
 

 The court is called on to give an opinion in relation to the charge of the judge to the jury. The alledged error of this charge, is, that the court told the jury, that the defendant had shown a good paper title, when in truth he had not.
 

 When, on this part of the subject, it will be well to recollect, that the grant issued to S. Donelson, who made the deed as above to Tyrrell, who by Eason his attorney in fact, conveyed to Dillon.
 

 It does not appear that any objection was made to the reading the power of attorney or deed to Dillon. It is the introduction in evidence of the copy of the deed from Donelson to Tyrrell, that has been excepted to.
 

 If they were read to the jury without exception, it was too late to take exception after verdict. Failing to except when the title papers were offered in evidence, amounted to a waiver of any objections to the probate and registration on that trial.
 

 Beside this consideration, there is another of great force with the court, that Jackson claims under another grant from the state of North Carolina ; but as this part of the subject relates more particularly to the fourth objection, it will be then considered.
 

 
 *264
 
 In answer to the argument on the fourth objection, the defendant's counsel have relied on the statute,
 
 17
 
 5. c. 38 s.
 
 5
 
 2 Wils.
 
 75.
 
 3 Cruises Dig. 201, s 14, 211, 314. 193 & 160, 2 Comm. Dig. tit. bargain and sale, B 11, 3 Bac. Ab. 157. The argument on both sides, seems to be predicated on the idea that this conveyance from Donelson to Tyrrell,
 
 must
 
 fall within some of the modes of conveyancing known to the English law, or it cannot be good ; and for this purpose it has been argued, that it is good as a bargain and sale ; and if not good in that mode, it is good as a feoffment at common law. It it were necessary to examine the subject with this view, the court would be inclined to think, it might be good, either as a bargain and sale, or a feoffment,
 
 (a)
 

 The court, however, deems it the most correct course to bottom its opinion on the act of 1715, c. 38, s. 5, the words of which are, “ that no conveyance, or bill of sale for lands (other than mortgage) in what manner or form soever drawn shall be good and available in law, unless the same shall be acknowledged by the vendor or proved by one or more evidences, upon oath either before the chief justice for the time being, or in the court of the precinct where the land lieth ; and that all deeds so done and executed, shall be valid and pass estates in land, or right to ether estates, without livery of Seizin, atornment, or other ceremony in the law whatsoever."
 

 It was certainly competent in the legislature, to dispense with any, or all of the common law methods of conveying, if it thought proper. In this section the legislature has provided one uniform method, which goes beyond the principles applicable to the various modes pointed out by the English law. To constitute a good conveyance of land, this law only requires the following essentials
 
 :
 

 First, That the conveyance should be by deed, no matter in what manner or form drawn, and
 

 Secondly, That it should express the meaning of the person conveying.
 

 It is not necessary to express any consideration in the deed. This may be easily ascertained, by considering the reason why a consideration was required in a deed, and secondly, the alteration introduced by the act of assembly in this respect. By the English law as it stood previously to the statute of frauds and perjuries of England, which was never in force here, it was not necessary that a deed of feoffment should express a consideration. The idea was only applicable to bargains and sales, and this mods of conveying
 
 *265
 
 grew out of the statute of H. 8, for conveying the possession to the use. Previously to that time, a use could not arise, without the receipt of a valuable consideration, and hence arose the idea, that in bargains and sales, where livery of sei
 
 zen
 
 was dispensed with, it was necessary to express a consideration, so as to create a use, and then the shunte would transfer the possession to it. without the ceremony of livery of seizen. The language of our statute is, that the estate shall pass “ without livery of seizen, attornment, or other ceremony in the law whatsoever.”
 

 It cannot be questioned at this day, that the insertion of a consideration in a deed, is as much a ceremony as livery of seizin, and it evidently was the intention of the legislature, to dispense with all kinds of ceremonies, as well the consideration as any other.
 

 This brings the court
 
 to
 
 a view of the second proposition, whether the conveyance from Donelson to Tyrrell, from the words used, show an intention to convey an estate in fee. Agreeably to the act, no appropriate form or words are necessary to indicate this intention. It is sufficient if the deed, (however short, and inartificial it may be ) contains words showing it to be the intention of the person making it, that an estate it fee should pass from himself to the other party. As to the idea that it should express, to whose use it shall operate, it is
 
 mere
 
 ceremony, and dispensed with by the statute. In the act of conveying, reason, and law, implies, that it is the intention of the person making the conveyance, that the person receiving the consideration should hold to his own use.
 

 But why this critical examination, it may be asked. By whom is it sought
 
 ?
 
 The answer is, by a man who has no other interest in the thing than possession. To be sure, it may be said, that he has a right to protect his possession, as it may, covered by color of title, ripen into a title. This is true, but surely mere is, and ought to be, a distinction, between the situation of a person, who claims under the same original title, and one, who does not. In the one case, it would seem that a strict examination should take place, but in the other, it would seem sufficient, if a title
 
 prima facie
 
 good, be deraigned.
 

 The must be affirmed.
 

 (a)
 

 3 Johns 454. 2 Atk. 150. 4 Dall. 335, act 1715 c. 38 s.
 
 5. 2
 
 Wils.
 
 75.