ISAAC SAMPSON *v.* GEO. W. L. MARR *et al.*

1. RECORD. *Charge of court.  Omission of.  Presumption.*  Where the charge
   of the court does not appear in the record, the presumption is that
   the charge was in all respects correct.

2. TAXES. *Sale of land for.  Jurisdiction of Circuit Court.*  The jurisdiction
   of the Circuit Court to sell lands for taxes is purely statutory, and
   whatever is required to be done by statute to give valididy to such
   sales must be done, otherwise they can communicate no title to the
   purchasers.

3. SAME. *Variance in deed and advertisement.*  Where the recitals in the
   sheriff's deed and those of the advertisement of sale, under the 3rd
   section of the act of 1844, are different, the purchaser at the sheriff's
   sale acquires no title to the land.

   Cases cited: Henderson *v.* Staritt, 4 Sneed, 472; Thacker, *ex parte,* 3
   Sneed, 344; Douglass *v.* Mumford, *ante,* 415.

   Acts cited : 1844, ch. 92.

4. EVIDENCE. *Admissibility of copy of deed or other instrument.* The doctrine is well, and has been long eftablished, that a copy of a deed or other instrument, the original of which the party offering the copy is presumed to have in his possession, or under his control, is not admissible in evidence, without some evidence of the loss of the original or of the inability of the party to produce it.

Cases cited: Sims *v.* Sims, 5 Hum., 370; Saunders *v.* Harris, 5 Hum., 345; Parsons *v.* Wilson, 2 Tenn., 261.

FROM DYER.

Appeal from the Circuit Court.    JAS. D. PORTER, Judge.

C. C. MOSS for complainant.

COCHRANE & ENLOE for defendant.

DEADERICK, J., delivered the opinion of the court.

In May, 1867, the defendants in error brought their action of ejectment in the Circuit Court of Dyer county against Robert Espy and others, tenants of plaintiff, in error, Sampson, and Sampson was admitted defendant in the room and stead of said tenants, and pleaded not guilty.

The plaintiffs below were the heirs at law of G. W. L. Marr, deceased, and it was admitted by the defendant on the trial below that G. W. Gibbs had a good title in fee to the land sued for, and that both parties claimed title under said Gibbs.

The plaintiffs below claimed their title upon an alleged conveyance of 25th January, 1848, to their ancestor, G. W. L. Marr, deceased, by descent from him.

The defendant claimed under a purchase by David E. Parker, at a tax sale of said land, made on the 1st Monday of July, 1849, a deed made by the sheriff and tax collector of said county on the —— day of ————, 1852, and a title bond executed by Parker to defendant Sampson.

The verdict and judgment were in favor of plaintiffs below, and the defendant has appealed in error to this court.

The record shows that the court charged the jury, but the charge does not appear therein, and we have to presume that the instructions given by the court were in all respects correct.

Two questions arise, which have been well argued, and upon which the rights of the parties are to be determined.

1. The validity of the tax sale, which defendants insist divested plaintiffs of title to the land.

The effect of this tax sale depends upon the construction of the act of 1844, ch. 92, Nich. Sup., 259, which provides, sec. 1, "that in all cases of sales for land hereafter made for public taxes, under the provisions of the laws now in force, it shall be sufficient, to make such sale valid and communicate good title to the purchaser, that the land so sold lies in the county in which it has been reported for non-payment of taxes thereon; that it has been duly reported; that an order of sale has been awarded, and that the sale of said land was duly advertised; to establish which facts the sheriff's deed reciting their existence shall be *prima facie* evidence, and all judgments or orders of

sale shall be conclusive, unless the person wishing to show the irregularity of the same can prove that the taxes were duly paid before such judgment or order of sale was rendered."

The 2d section provides that taxes and costs shall be a lien upon the land, and the sale shall be valid, whether it is or is not sold in the name of the true owner, provided the land lies in the county, and is sufficiently described; and it shall not be necessary to state the number of the grant or entry.

The 3d section provides that the sheriffs, besides stating that the land lies in the county, shall state the civil district or districts in which the land lies, to whom granted, or in whose name entered, and the number of acres, as near as may be, which shall be a sufficient description; such sales shall be good and valid if the foregoing requisites be substantially complied with, and the number of the range, section, and surveyor's district be given, in such parts of the State as have been sectionized, and the description contained in the sheriff's report, shall be given in the advertisement.

It has been held by this court, in construing the act under consideration, that that act makes the judgment and order of sale, and all previous proceedings, only conclusive when the taxes are not shown to have been paid; but does not preclude any inquiry into the regularity of the advertisement or sale, or other proceedings, after the judgment and order of sale: 4 Sneed, 472.

The case above cited was reversed because the

Circuit Judge refused to allow the plaintiff to read the advertisement of tax sales to show that the description therein given was imperfect.

The jurisdiction of the Circuit Court to sell lands for taxes is purely statutory, and whatever is required to be done by statute, to give validity to such sales, must be done, otherwise they can communicate no title to the purchasers.

The statute, sec. 1, makes the recitals in the sheriff's deed *prima facie* evidence of the existence of certain facts, as that the land has been duly reported, and that the sale of said land was duly advertised; and the 3d section requires that the description given in the sheriff's report shall be contained in the advertisement.   Sec. 3 requires that the sheriff's report and advertisement shall show the civil district or districts in which the land lies; to whom it was granted, or in whose name entered; the number of acres, as near as may be; and the number of the range, section, and surveyor's district.

The sheriff's deed to Parker, the purchaser at the tax sale, executed by Wm. A. Dawson, sheriff at the time (1852), recites that Z. B. Phillips then reported to the Circuit Court of Dyer county, on 2d Monday of February, 1849, listed for the taxes of 1848 by the revenue commissioners of the 4th and 12th civil district.   One tract of 3,100 acres listed in the name of George W. Gibbs, etc., in the ninth range, and second and third sections, and judgment having been rendered against said land for $23.93¾ taxes, and charges, and costs, an order of sale was issued, and

after advertisement the land was sold to said Parker for the amount of taxes, charges and costs.

The description in the advertisement is as follows:

George W. Gibbs, one tract of 3,100 acres, district No. 11 and 12, 13th surveyor's district, range ——, section ——, being part of Martin Armstrong's heirs, 6,000 acres survey, grant No. 164, for 5,000 acres, being listed in the name of Martin Armstrong's heirs for the taxes, and being lot No. 5 in the division of said grant, valued at $6,875, tax $19.98¾, sheriff's, clerk's, and printer's fee $4.

It will be observed that the description given in the sheriff's deed of the land as reported, advertised, and sold by the sheriff are materially different in several particulars from that given in the advertisement.

In the deed the land is said to have been reported as listed in the name of Geo. W. Gibbs.

In the advertisement it is said to be Geo. W. Gibbs, 3,100 acres, listed in the name of Martin Armstrong's heirs.

In the deed it is recited that it was reported by the revenue commissioners of the 4th and 12th civil district, and is in the 9th range, and 2d and 3d sections.

In the advertisement the land is described as lying in districts Nos. 11 and 12, in the 13th surveyor's district, range ——, section ——.

These comparisons of the recitals in the deed and those of the advertisement, without mentioning others referred to in the argument, are sufficient to show that

the imperative requirement of the 3d section of the act of 1844, that "the description contained in the sheriff's report shall be given in the advertisement," has not been complied with, and that in consequence the sale for taxes and sheriff's deed communicated no title to the purchaser: 3 Sneed, 344; 4 Sneed, 470.

The next question is as to the admissibility of a copy of the deed from Gibbs to Marr, over the objection of the defendant.

The doctrine is well, and has been long established, that a copy of a deed or other instrument, the original of which the party offering the copy is presumed to have in his possession, or under his control, is not admissible in evidence without some evidence of the loss of the original, or of the inability of the party to produce it: 5 Hum., 370; *Ibid*, 345.

The plaintiffs below were the heirs at law of the deceased, G. W. L. Marr, some of them his adult children, and are presumed to have control of his title papers, at least of the deed of conveyance by Marr to him. If the fact were not so, it could have been easily shown by the affidavit of plaintiffs, or some of them, or by their attorney or agent. In such a case the court would "lend an easy ear to proof of loss of a registered instrument," or that it was not in the possession of plaintiffs, or under their control, in order to allow the introduction of a copy duly certified: 2 Tenn., 261.

The admission of the copy, without accounting for the original, was error.

But as we can see from the record that the de-

fendant cannot recover upon the claim set up by him, and that the error in the admission of the copy of the deed introduced by plaintiffs is one which could be easily supplied upon another trial, and that the result of such trial could not be different from the one from which defendant below appealed, and that the merits and justice of the case under the law has been reached, we affirm the judgment.